torney General objected to the making of the order. Where there are obstacles in the way of a final accounting, it might be a great hardship to a receiver to postpone the payment of fees earned until such final accounting, and we do not think it can be said to be an abuse of discretion for the Special Term to grant such an order as the one under review, reserving all rights for inquiry upon a final accounting, without requiring an account preliminary to the granting of such order, where no such accounting is requested by the Attorney General.

The order should be affirmed, with $10 costs and disbursements. All concur.

ROSENBERG v. NEW YORK CITY RY. CO.

(Supreme Court, Appellate Division, Second Department. July 27, 1905.)

CARRIERS—INJURIES TO PASSENGERS—AMOUNT OF RECOVERY—INSTRUCTIONS.
    Where, in an action against a street railway for injuries to a passenger, the jury were justified in finding that the injuries were slight, the refusal to charge that, if the passenger was not materially injured, a verdict for nominal damages might be awarded, and the giving of a charge that the verdict should be for such a sum as would compensate the passenger for the injuries received was erroneous, because in effect directing the giving of substantial damages, though the injuries received were insignificant.

Appeal from Municipal Court of New York.

Action by Rose Rosenberg against the New York City Railway Company. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before HIRSCHBERG, P. J., and BARTLETT, RICH, and MILLER, JJ.

William E. Weaver, for appellant.
Herman Gottlieb, for respondent.

HIRSCHBERG, P. J. It was not seriously contended at the trial, and is not urged on the appeal, that the evidence fails to establish both the defendant's negligence and the plaintiff's freedom from fault. She was a passenger on one of the defendant's cars at a time when it collided with another car, operated by the same company; but the claim of the defendant is that the collision was so slight that none of the passengers was, or could have been, injured by it. In support of this contention, the conductor who was in charge of the car at the time was examined as a witness for the defendant, and testified that the collision was very slight, that neither car was injured to any extent whatever, that he asked each of the passengers if he or she was injured, and that the plaintiff did not then claim to have received any injury. The plaintiff testified that she knew that she was injured at the time, but did not so state to the conductor, and that she refused to give her name to him when requested so to do. The reason assigned by her for her failure to allege that she was hurt was that she was excited. Conceding that the evidence presented on her behalf as to the injuries

received by her was sufficient to sustain the recovery, which is substantial in amount, although not large, yet it cannot be doubted that on the whole evidence the jury would also have been justified in the conclusion that such injuries were very slight, and that consequently a nominal recovery would have been sufficient and proper. It is of some significance in this connection that the plaintiff was seated on the car with her father, mother, and sister, all of whom refused to give their names, all of whom have brought suits against the company, and none of whom was examined as a witness on this trial.

The defendant's counsel asked the court to charge that:

"If the jury find that the plaintiff has not been materially injured, they can bring in a verdict for nominal damages."

To this request the court responded:

"I refuse so to charge, but charge the jury that their verdict is to be such a verdict, or a verdict for such a sum, as in their judgment will fairly compensate the plaintiff for the injuries that she has received."

I think the exception taken to the refusal to charge is good, and that the error was not cured by the accuracy of the abstract instruction as to the general rule of damages by way of compensation. The defendant was entitled to the precise instruction requested, which, however, might well have been accompanied by the instruction actually given. But the result of the refusal was to instruct the jury that, while the law required them to render a verdict for such an amount as would fairly compensate the plaintiff, it could not be for a nominal sum only; in other words, that, even if they believed that her injuries were so slight as to be of no consequence, they could not limit the award of damages to a nominal sum. The effect of the charge and of the refusal, taken together, was an instruction that the verdict, in order to compensate the plaintiff, must be substantial, and not nominal, even although the jury should conclude that the injuries sustained were so insignificant as to be wholly immaterial.

The judgment should be reversed, and a new trial ordered.

Judgment of the Municipal Court reversed, and new trial ordered; costs to abide the event. All concur.